## HOEBING v. McCARRICK, Adm'x.

No. 15140—Opinion Filed Feb. 3, 1925.

Rehearing Denied April 14, 1925.

**1. Appeal and Error — Harmless Error— Exclusion of Evidence.**

A judgment will not be reversed for error of the trial court in excluding competent and relevant evidence where it is made to appear that such error did not affect the substantial rights of the complaining party.

**2. Same.**

It is not reversible error to exclude evidence tendered as rebuttal to immaterial evidence admitted without objection.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Canadian County; James I. Phelps, Judge.

Action by Mattie McCarrick, as administratrix of the estate of W. E. McCarrick, deceased, against George C. Hoebing. Judgment for plaintiff, and defendant appeals. Affirmed.

A. G. Morrison, for plaintiff in error.

H. L. Fogg and J. C. Snyder, for defendant in error.

Opinion by RAY, C. This suit was commenced by the administratrix of the estate of W. E. McCarrick, deceased, to recover on a promissory note in the sum of $800, executed by the defendant, George C. Hoebing, to W. E. McCarrick, deceased. The defendant acknowledged the execution of the note and pleaded payment. Judgment was for the full amount of the note. The only ground upon which reversal is sought is that the court erred in excluding certain evidence offered by the defendant. The defendant was produced as a witness, and after objections had been sustained to a number of questions, upon the ground that the defendant was not a competent witness under section 588, Comp. Stat. 1921, the following tender of evidence was made:

"By Mr. Morrison: We offer to show by this witness if permitted to testify that he arranged with his brother, E. B. Hoebing, to pay the amount of this indebtedness due Mr. McCarrick, and that Mr. E. B. Hoebing did pay the amount of the indebtedness to Mr. McCarrick in accordance with arrangement between this defendant and his brother, E. B. Hoebing."

An objection to this offer was sustained upon the same ground.

"Section 588. No party to a civil action shall be allowed to testify in his own behalf, in respect to any transaction or communication had personally by such party with a deceased person, when the adverse party is the executor, administrator, heir at law, next of kin, surviving partner or assignee of such deceased person, where such party has acquired title to the cause of action immediately from such deceased person. * * *"

The defendant was competent as a witness to testify as to the details of any arrangement he may have had with his brother to pay the note, as preliminary to the testimony of the brother. The defendant was a competent witness to testify as to any part of the transaction not had personally with the deceased. But the brother was produced as a witness and testified as to his part in the transaction. His evidence was, in substance, that the defendant held his note in the sum of $800 (being for the same amount as the note sued on), and that deceased told him that he had exchanged the defendant's note for that of the witness; that later he found his note in the hands of the administratrix, and that he had taken it up by paying the interest and executing a renewal note to the administratrix. His original note to the defendant, showing payment to the administratrix, and the renewal note were produced and admitted in evidence. His testimony was uncontroverted. This evidence produced by the defendant shows that if there was an exchange of notes it was a transaction by the defendant personally with the deceased. The defendant was not a competent witness as to that transaction. It being shown that the exchange of notes, if there was an exchange, was made by the defendant, and not by his brother, we think the exclusion of the com-

petent evidence referred to did not in any material way affect the substantial rights of the defendant.

After the defendant rested the plaintiff offered evidence, not material to the issue, which was admitted without objection, to the effect that a number of checks of the deceased had passed through the bank payable to the defendant. The defendant was again produced as a witness to prove that the checks did not enter into the transaction for which the note sued on was given. This evidence was excluded upon the ground that the witness was not competent to testify as to any transaction or communication had by him with the deceased. It is contended that the court erred in excluding this evidence. The only question at issue was that of payment. The execution of the note was admitted. It was not necessary to prove a consideration. That was admitted. The evidence that a number of checks passed through the bank payable to the defendant was not material to any issue, but no objection was made. We think this evidence, not material to any issue, having been admitted without objection, the exclusion of controverting evidence was not reversible error.

The judgment should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 1004; (2) 4 C. J. p. 1005.